EDDY HSU (BAR # 245390)
LAW OFFICES OF EDDY HSU
1900 S NORFOLK ST. SUITE 350
SAN MATEO, CA 94403
(650) 577-5950
Fax: (408) 625-1139
Email: eddyhsu@ehsulaw.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUMARK ENTERPRISES CORPORATION, a Taiwanese corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MOSAIC BRANDS INC., a Delaware corporation; MIA KAMINSKI, an individual; SCOTT KAMINSKI, an individual; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>　1) **GOODS SOLD AND DELIVERED AT AGREED PRICE;**<br><br>　2) **BREACH OF IMPLIED CONTRACT;**<br><br>　3) **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br><br>　4) **ENFORCEMENT OF GUARANTY;**<br><br>　5) **BREACH OF GUARANTY; AND**<br><br>　6) **UNJUST ENRICHMENT**<br><br>**NO DEMAND FOR JURY TRIAL** |

Plaintiff YUMARK ENTERPRISES CORPORATION ("Plaintiff" or "YUMARK") hereby complains of Defendants MOSAIC BRANDS INC. ("MOSAIC"), MIA KAMINSKI ("MIA"), SCOTT KAMINSKI ("SCOTT"), (each, a "Defendant", and collectively, "Defendants"), and alleges as follows:

## JURISDICTION

1) This court (this "Court") has jurisdiction over all claims asserted herein pursuant to 28 U.S.C. § 1332 as complete diversity exists between Plaintiff and each Defendant and the amount in controversy exceeds the jurisdictional minimum in this Court.

2) This Court has jurisdiction over each Defendant named herein because each Defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with the state of California, so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

## VENUE

3) Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because: (a) one or more of the Defendants either resides in or maintains executive offices in the Northern District of California (this "District"), (b) a substantial portion of the transactions and wrongs complained of herein occurred in this District, and (c) this District is where Defendant MOSAIC is headquartered and Defendants MIA and SCOTT maintain their primary residence.

## PARTIES

4) Plaintiff YUMARK is, and at all times mentioned herein was, a corporation organized and existing under the laws of Taiwan, having its principal place of business at 14FL, 67 Sec. 2, Tun Hwa S. Road, Taipei, 106 Taiwan R.O.C. P.O Box 96-591 Taipei, Taiwan.

5) YUMARK is informed and believes, and thereon alleges, that MOSAIC is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business in this district at 3266 Buskirk Ave., Pleasant Hill, California 94523.

YUMARK is further informed and believes, and thereon alleges, that MOSAIC was formerly known as "The Tonytail Company," and has used other fictitious business names, like "Mia Beauty."

6) YUMARK is informed and believes, and thereon alleges, that SCOTT is an individual currently residing in 121 Samoa Ct, San Ramon, Contra Costa County, California 94582.

7) YUMARK is informed and believes, and thereon alleges, that MIA is an individual currently residing in 1427 Vine Lane, Alamo, Contra Costa County, California 94507.

8) YUMARK is informed and believes, and thereon alleges, that MIA is, and at all times mentioned in this Complaint was, the CEO of MOSAIC.

9) YUMARK is informed and believes, and thereon alleges, that the actions of each Defendant as alleged herein were duly ratified by the other Defendants, with each Defendant acting as an agent of the other and within the scope of said agency. YUMARK is further informed and believes, and thereon alleges, that each of the Defendants designated herein is liable to YUMARK for the actions hereinafter alleged.

10) YUMARK is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. YUMARK will amend this Complaint to allege their true names and capacities when ascertained. YUMARK is informed and believes and thereon alleges that each of said fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and is indebted to YUMARK as hereinafter alleged, and that YUMARK's damages hereinafter alleged were proximately caused by such DEFENDANTS.

///

## STATEMENT OF FACTS

11) Founded in 1975 and headquartered in Taiwan, YUMARK is an international trade company focused on developing hair accessories, costume jewelry, and beauty items.

12) On or around May 2014, MOSAIC purchased custom accessories from YUMARK totaling $1,000.00 in value.

13) On or around August 11, 2014, SCOTT personally guaranteed any and all obligations due and to become due of MOSAIC to YUMARK, including but not limited to the payment of all amounts, including invoice amounts, debit note, damages, late payment charges, attorney fees and costs and any other indebtedness. SCOTT agreed to, signed and undertook the obligations set forth in the personal guaranty ("Guaranty 1"), attached hereto as **Exhibit A**.

14) Between, on or around, December 16, 2014 and September 26, 2015, MOSAIC made further purchases from YUMARK amounting to $603,480.22, for a total amount of purchases $604,480.22 in value.

15) Of the $604,480.22 MOSAIC paid $24,819.15, leaving a balance amount of $579,661.07.

16) On or around April 27, 2015, MIA personally guaranteed any and all obligations due and to become due of MOSAIC to YUMARK, including but not limited to the payment of all amounts, including invoice amounts, debit note, damages, late payment charges, attorney fees and costs and any other indebtedness. MIA agreed to, signed and undertook the obligations set forth in the personal guaranty ("Guaranty 2"), attached hereto as **Exhibit B**.

17) Between, on or around, August 28, 2015 and October 7, 2017 YUMARK charged interest at the rate of 6% per annum on MOSAIC's open account, totaling $74,321.73.

18) The total balance amount, including interest, on October 7, 2017 was $653,982.80.

**FIRST CAUSE OF ACTION**
(Goods Sold and Delivered at Agreed Price Against All Defendants)

19) YUMARK hereby realleges and incorporates by reference each of the foregoing paragraphs as though restated in full herein.

20) Within the last four years, MOSAIC became indebted to YUMARK in the sum of $622,777.80, for goods sold and delivered to MOSAIC.

21) YUMARK has repeatedly demanded payment from MOSAIC.

22) No payment has been made by MOSAIC to YUMARK beyond that previously indicated, and there is now owing the sum of $622,777.80, with interest on that amount at the legal rate.

**SECOND CAUSE OF ACTION**
(Breach of Implied Contract Against MOSAIC)

23) YUMARK hereby realleges and incorporates by reference each of the foregoing paragraphs as though restated in full herein.

24) YUMARK and MOSAIC had an implied contract pursuant to which YUMARK agreed to distribute goods to MOSAIC in exchange for payment by MOSAIC. MOSAIC breached that said implied contract by failing to pay the amounts owed.

25) As a proximate result of the aforesaid breach of the implied contract, YUMARK has suffered, and will continue in the future to suffer, monetary damages in an amount to be proven at the time of trial but reasonably believed to be no less than $600,000.00.

**THIRD CAUSE OF ACTION**
(Breach of Implied Covenant of Good Faith and Fair Dealing Against MOSAIC)

26) YUMARK hereby realleges and incorporates by reference each of the foregoing paragraphs as though restated in full herein.

27) There was an implied covenant of good faith and fair dealing in the implied contract between YUMARK and MOSAIC.

28) MOSAIC breached the implied covenant of good faith and fair dealing by falsely representing their intentions to pay YUMARK for goods provided, and by, in fact, not paying YUMARK for such goods.

29) As a proximate result of the aforesaid breach of the implied covenant of good faith and fair dealing, YUMARK has suffered, and will continue in the future to suffer, monetary damages in an amount to be proven at the time of trial but reasonably believed to be no less than $600,000.00.

### FOURTH CAUSE OF ACTION
(Enforcement of Guaranty Against SCOTT)

30) YUMARK hereby realleges and incorporates by reference each of the foregoing paragraphs as though restated in full herein.

31) In order to induce YUMARK to continue distributing goods to MOSAIC, on or about August 11, 2014, SCOTT, for valuable consideration, executed Guaranty 1 in favor of YUMARK.

32) Under the terms of Guaranty 1, SCOTT "unconditionally personally guarantee[d] any and all obligations due and to become due of [MOSAIC] to YUMARK,…including but not limited to payment of all amounts, including invoice amounts, debit note, damages, late payment charges, attorney fees and costs and any other indebtedness[.]"

33) Guaranty 1 further specified that it was "an open unlimited and continuing guaranty and [SCOTT] agree[d] that any and all credit and other rights provided to [MOSAIC] now and at any time in the future are done so by [YUMARK] in material reliance on [Guaranty 1]

notwithstanding any other rights or remedies [YUMARK] may have now or at any time in the future relating to the collection of such sum(s) by any other means of methods."

34) YUMARK accepted Guaranty 1, and in material reliance thereon, continued distributing goods to MOSAIC.

35) YUMARK has fully and faithfully performed all terms, conditions, covenants and promises on its part to be performed in accordance with the implied contract and Guaranty 1, excepting only such performance as has been excused, discharged and/or exonerated by virtue of the acts, omissions, and unlawful acts of MOSAIC and SCOTT.

36) MOSAIC has breached the implied contract by failing to repay the outstanding balance as required by the implied contract. YUMARK has suffered, and will continue in the future to suffer, monetary damages in an amount to be proven at the time of trial but reasonably believed to be no less than $600,000.00. Pursuant to Guaranty 1, SCOTT is obligated to pay YUMARK for such damages. Additionally, pursuant to paragraph 2 of Guaranty 1, if YUMARK is the prevailing party in this action, YUMARK is entitled to recover its "collection costs and reasonable attorney fees and costs" incurred in this action, in an amount to be proven pursuant to the Federal Rules of Civil Procedure and Local Rules. Finally, YUMARK is entitled to recover pre-judgment interest on all sums owed under Guaranty 1.

**FIFTH CAUSE OF ACTION**
(Enforcement of Guaranty Against MIA)

37) YUMARK hereby realleges and incorporates by reference each of the foregoing paragraphs as though restated in full herein.

38) In order to induce YUMARK to continue distributing goods to MOSAIC, on or about April 27, 2015, MIA, for valuable consideration, executed Guaranty 2 in favor of YUMARK.

39) Under the terms of Guaranty 2, MIA "unconditionally personally guarantee[d] any and all obligations due and to become due of [MOSAIC] to YUMARK,…including but not limited to payment of all amounts, including invoice amounts, debit note, damages, late payment charges, attorney fees and costs and any other indebtedness[.]"

40) Guaranty 2 further specified that it was "an open unlimited and continuing guaranty and [MIA] agree[d] that any and all credit and other rights provided to [MOSAIC] now and at any time in the future are done so by [YUMARK] in material reliance on [Guaranty 2] notwithstanding any other rights or remedies [YUMARK] may have now or at any time in the future relating to the collection of such sum(s) by any other means of methods."

41) YUMARK accepted Guaranty 2, and in material reliance thereon, continued distributing goods to MOSAIC.

42) YUMARK has fully and faithfully performed all terms, conditions, covenants and promises on its part to be performed in accordance with the implied contract and Guaranty 2, excepting only such performance as has been excused, discharged and/or exonerated by virtue of the acts, omissions, and unlawful acts of MOSAIC and MIA.

43) MOSAIC has breached the implied contract by failing to repay the outstanding balance as required by the implied contract. YUMARK has suffered, and will continue in the future to suffer, monetary damages in an amount to be proven at the time of trial but reasonably believed to be no less than $600,000.00. Pursuant to Guaranty 2, MIA is obligated to pay YUMARK for such damages. Additionally, pursuant to paragraph 2 of Guaranty 2, if YUMARK is the prevailing party in this action, YUMARK is entitled to recover its "collection costs and reasonable attorney fees and costs" incurred in this action, in an amount to be proven pursuant to the Federal Rules of Civil Procedure and Local Rules.

Finally, YUMARK is entitled to recover pre-judgment interest on all sums owed under Guaranty 2.

### SIXTH CAUSE OF ACTION
(Breach of Guaranty Against SCOTT and MIA)

44) YUMARK hereby realleges and incorporates by reference each of the foregoing paragraphs as though restated in full herein.

45) In order to induce YUMARK to continue distributing goods to MOSAIC, on or about August 11, 2014, SCOTT, for valuable consideration, executed Guaranty 1 in favor of YUMARK, and, on or about April 27, 2015, MIA, for valuable consideration, executed Guaranty 2 in favor of YUMARK.

46) YUMARK accepted Guaranty 1 and 2, and in material reliance thereon, continued distributing goods to MOSAIC.

47) YUMARK has fully and faithfully performed all terms, conditions, covenants and promises on its part to be performed in accordance with the implied contract and Guaranty 1 and 2, excepting only such performance as has been excused, discharged and/or exonerated by virtue of the acts, omissions, and unlawful acts of MOSAIC and MIA.

48) MOSAIC has breached the implied contract by failing to repay the outstanding balance as required by the implied contract. YUMARK has suffered, and will continue in the future to suffer, monetary damages in an amount to be proven at the time of trial but reasonably believed to be no less than $600,000.00. SCOTT and MIA have breached Guaranty 1 and 2, respectively, by failing to pay YUAMRK the sums owed by MOSAIC under the implied contract.

49) As a direct consequence of SCOTT and MIA's breaches of the Guaranty 1 and 2, YUMARK has been damaged in an amount according to proof, but in no event less than

$600,000.00.  Additionally, pursuant to paragraph 2 of Guaranty 1 and 2, if YUMARK is the prevailing party in this action, YUMARK is entitled to recover its "collection costs and reasonable attorney fees and costs" incurred in this action, in an amount to be proven pursuant to the Federal Rules of Civil Procedure and Local Rules.  Finally, YUMARK is entitled to recover pre-judgment interest on all sums owed under Guaranty 1 and 2.

**SEVENTH CAUSE OF ACTION**
(Unjust Enrichment Against All Defendants)

50) YUMARK hereby realleges and incorporates by reference each of the foregoing paragraphs as though restated in full herein.

51) YUMARK conferred a substantial benefit upon MOSAIC by selling and delivering goods to MOSAIC.

52) MOSAIC has benefitted from selling at an unjust profit goods purchased from YUMARK.

53) By continuing to purchase goods from YUMARK, and causing SCOTT and MIA to sign Guaranty 1 and 2, MOSAIC knew and fully appreciated the benefit it was receiving.

54) By signing Guaranty 1 and 2, for valuable consideration, SCOTT and MIA knew and fully appreciated the benefit they were receiving.

55) It is inequitable and unconscionable for Defendants to retain profits that rightfully belong to YUMARK.

56) Defendants unjustly benefited from continuing business with YUMARK induced by the signing of Guaranty 1 and 2.

57) By breaching the implied contact with YUMARK, MOSAIC knew and fully appreciated the benefit they were receiving.

58) By breaching Guaranty 1 and 2, SCOTT and MIA knew and fully appreciated the benefit they were receiving.

59) It is inequitable and unconscionable for Defendants to retain the funds that rightfully belong to YUMARK.

60) As a result of Defendant's misconduct, the amount of unjust enrichment should be disgorged and returned to YUMARK in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, YUMARK prays for judgment as follows:

 A. For the principal sum of $653,982.80;

 B. For prejudgment interest at the legal rate on the sum of $653,982.80, accruing through the date of judgment;

 C. For YUMARK's reasonable attorneys' fees, costs, and expenses; and

 D. For such other and further relief as the Court may deem just and proper.

DATED: 11-3/2017         LAW OFFICES OF EDDY HSU

             By: ___*/s/ Eddy Hsu*_____
             Eddy Hsu, Esq.
             Attorney for Plaintiff Yumark Enterprises Corp.